IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RICKY JOE ODEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-0116 |
| ) | Chief Judge Haynes |
| JAMIE MAHAR, BRANDY BROWN, ) | |
| JIMMY BROWN, and ) | |
| DANIEL KELLUM, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Ricky Joe Odem, a pretrial detainee at the Lawrence County Jail in Lawrenceburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Jamie Mahar, Brandy Brown, Jimmy Brown, and Daniel Kellum, in their official and individual capacities. Plaintiff alleges violations of his constitutional rights arising out of the conditions of confinement at the Lawrence County Jail. (Docket Entry No. 1 Complaint.) Plaintiff seeks only equitable relief directing jail officials to provide medical treatment and nutrition to meet his serious medical needs. Id.

Accordingly to his complaint, Plaintiff alleges that he was arrested on August 7, 2013, and told the booking officers at the Lawrence County jail that he had Hepatitis B and Hepatitis C. Plaintiff signed release forms to obtain his medical records and the medication he needed. Plaintiff alleges that he submitted "med request forms" to the nurse at the jail, but has not received any response nor seen a doctor nor otherwise received help. Plaintiff asserts that he notified Lt. Daniel Kellum and Sgt. Jamie Mahar that he is sick, hurting and unable to sleep, and

needed his medication and better nutrition to fight off the virus. Plaintiff alleges that he is unable to take many forms of over-the-counter medications given his liver condition.

Under the PLRA, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review of a civil complaint filed *in forma pauperis* and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* at 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering whether a *pro se* prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.

1991).

To state a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002) (citations omitted).

Plaintiff's complaint fails to state an individual-capacity claim against Sheriff Brown, because Plaintiff do not allege any facts that the Sheriff was personally involved in the omissions giving rise to Plaintiff's claims. For Plaintiff's official capacity claim, the actual Defendant is the entity that employs Sheriff Brown, namely Lawrence County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity of which the official is an agent."). Because Sheriff Brown is the person ultimately responsible for the administration of the Lawrence County Jail, the Court will consider Plaintiff's claim agaimst Brown in his official capacity.

The Eighth Amendment, by its terms, prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its application by the courts, the Eighth Amendment actually protects a wide assortment of interests, and has been specifically construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion). The same standard applies to pretrial detainees. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same

protections to pretrial detainees as well.").

Under *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976), to state a claim for Eighth Amendment violations, Plaintiff's factual allegations must suggest "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment, because it constitutes the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Id.* at 104. Later the Supreme Court clarified that prison officials' alleged failure to provide adequate medical care involves subjective and an objective components: The objective prong is whether the harm inflicted by the conduct is sufficiently "serious" to warrant Eighth Amendment protection. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Based on these standards, to state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.

Here, Plaintiff alleges that he suffers from a serious medical condition, hepatitis for which medications have been prescribed. The Defendants' alleged failure to provide treatment for his condition satisfies the objective component of the deliberate-indifference test. The Court

concludes that Plaintiff's factual allegations states a viable claim under the Fourteenth Amendment to the United States Constitution against Defendant Brown in his official capacity based on the existence of an implied policy or custom of failing to provide prompt medical treatment and care for detainees who come into the jail already suffering from chronic medical ailments.

As to Plaintiff's claims against the remaining Defendants in their individual capacities, based on the allegations in the complaint, Defendant Brandy Brown is the nurse to whom Plaintiff appealed for medical care without success. Plaintiff alleges facts that the Defendants Mahar and Kellum are aware of and have been deliberately indifferent to Plaintiff's serious medical needs by failing to take any steps to address it. The Court concludes that Plaintiff's individual-capacity claims against these Defendants state viable claims. Plaintiff's official-capacity claims against these Defendants, however, are redundant of Plaintiff's claims against Sheriff Brown in his official capacity, and will be dismissed as unnecessary.

Plaintiff also filed a motion for appointment of counsel. Unlike a criminal defendant, a civil plaintiff does not have a constitutional right to the appointment of counsel. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). In a civil action, the appointment of counsel is a "privilege justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (citations omitted). Whether to appoint counsel for an indigent plaintiff in a civil action is a matter within the discretion of the district court. *Id.* at 604. As to whether the appointment of counsel is warranted, courts consider the complexity of the claims and the abilities of the plaintiff to present his claims. *Id.* at 606 (citations omitted). Evaluation of these factors "generally involves a determination of the complexity of the factual

and legal issues involved." Id. (internal quotation marks and citation omitted). Here, Plaintiff is unable to afford counsel, but has not demonstrated that at this point, this action is different from most *pro se* prisoner actions that are not exceptional. Thus, this motion should be denied without prejudice.

An appropriate Order is filed herewith.

ENTERED this the 22nd day of October, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court