IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RICKY JOE ODEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-0116 |
| ) | Chief Judge Haynes |
| JAMIE MAHAR, BRANDY BROWN, ) | |
| JIMMY BROWN, and ) | |
| DANIEL KELLUM, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, Ricky Joe Odem, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Jamie Mahar, Brandy Brown, Jimmy Brown, and Daniel Kellum (Docket Entry No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (Docket Entry No. 2) and a motion for the appointment of counsel (Docket Entry No. 3).

A review of Plaintiff's application lacks the trust account statement normally required to be submitted with a prisoner's application to proceed as a pauper under 28 U.S.C. § 1915(a)(2). Plaintiff's application, however, includes the notarized signature of a jail official attesting that Plaintiff has the sum of $0 on account to his credit at the Lawrence County Jail. In addition, the Court takes judicial notice that the Lawrence County Jail typically does not provide trust fund accounts or trust account statements. Accordingly, Plaintiff's application to proceed as a pauper (ECF No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the

$350.00 civil filing fee.[1] The Administrator of the Lawrence County Jail is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when Plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Administrator of the Lawrence County Jail to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the Administrator must ensure that a copy of this order follows Plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

In accordance with the Memorandum filed herewith, the Court concludes that Plaintiff's complaint states colorable claims against Defendant Jimmy Brown in his official capacity, and against the remaining Defendants in their individual capacity, based on allegations of deliberate

---

[1] Effective May 1, 2013, the Judicial Conference of the United States established a $50 administrative fee for filing a civil action in a United States District Court, as a result of which the fee for filing a new civil case increased from $350 to $400 ($350 filing fee + $50 administrative fee). The $50 administrative fee, however, does not apply to cases filed by pro se prisoner plaintiffs who have been provisionally granted permission to proceed in forma pauperis under 28 U.S.C. § 1915.

indifference to Plaintiff's serious medical needs. The individual-capacity claim against Defendant Jimmy Brown, however is **DISMISSED** for failure to state a claim for which relief may be granted, and the official-capacity claims against the remaining defendants are **DISMISSED** as redundant of the official-capacity claim against Sheriff Brown. Plaintiff's motion for the appointment of counsel (Docket Entry No. 3) is **DENIED**, but without prejudice to his ability to raise the issue again at a later date if circumstances warrant.

Accordingly The Clerk is **INSTRUCTED** to **ISSUE PROCESS** to the Defendant Brown.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he fails to keep the Clerk's Office informed of his current address at all times.

It is so **ORDERED**.

**ENTERED** this the ___ day of October, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court